UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 07-115-GWU

CALVIN ARVIN, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Calvin Arvin brought this action to obtain judicial review of an unfavorable administrative decision on his application for Disability Insurance Benefits (DIB). The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1)

>whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid.

In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Arvin, a 49 year-old former concrete finisher and construction laborer with a "limited" education, suffered from impairments related to degenerative disc disease of the lumbar spine, being status-post (November, 2005) revision of left knee anterior cruciate ligament reconstruction with anterior knee pain with prior anterior cruciate ligament reconstruction (August, 2005) and status-post right ankle instability. (Tr. 16, 18). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work. (Id.). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 19). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Id.).

Arvin alleged a disability onset date of September 15, 2000 on his DIB application. (Tr. 44). The ALJ determined that his DIB-insured status expired on December 31, 2005. (Tr. 16). The plaintiff must prove he became disabled during this time frame to qualify for DIB. 20 C.F.R. Section 404.101.

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Sally Moore included an exertional limitation to light level work restricted from a full range by such non-exertional restrictions as (1) an inability to stand or walk for more than two hours in an eight-hour time period; (2) an inability to sit for more than six hours in an eight-hour time period; (3) an inability to more than occasionally push/pull or use foot controls with the lower extremities; (4) an inability to more than occasionally balance, stoop, kneel, crouch or climb stairs and ramps; (5) an inability to ever climb ladders, ropes or scaffolds; and (6) a need to avoid concentrated exposure to full body vibration and hazards such as unprotected heights and dangerous machinery. (Tr. 283). In response, the witness identified a significant number of jobs in the national economy which could still be performed. (Tr. 284). Therefore, assuming that the vocational factors considered by Moore fairly characterized Arvin's

condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The hypothetical question fairly characterized Arvin's condition as required by <u>Varley</u>. The hypothetical factors were consistent with the physical restrictions identified by Dr. Parandhamulu Saranga (Tr. 129-137) and Dr. Sudhideb Mukherjee (Tr. 164-173), the non-examining medical reviewers. No treating or examining source, including the staff at the Veteran's Administration Medical Center (Tr. 101-128), the staff at St. Joseph Hospital (Tr. 138-146), the staff at Marcum and Wallace Hospital (Tr. 147-154), and Dr. Veronica Vasicek (Tr. 155-163), identified the existence of more severe physical restrictions <u>during the time period relevant to this appeal</u>. Finally, Psychologist Jan Jacobson reviewed the record and opined that the claimant did not suffer from a "severe" mental impairment. (Tr. 174). These reports provide substantial evidence to support the administrative decision.

On July 24, 2006, Dr. Vasicek identified extremely severe physical limitations which would limit Arvin to less than a full range of sedentary level work, along with sitting and standing/walking limitations that would essentially preclude all work activity. (Tr. 203-205). The ALJ rejected this opinion as binding for several reasons. (Tr. 18). The assessment was noted to have been completed almost seven months after the expiration of the plaintiff's DIB-insured status. (Id.). Significantly, Dr. Vasicek declined to note <u>any</u> restrictions concerning lifting, sitting,

standing or walking when she completed an <u>earlier</u> assessment form in early July of 2006, <u>before</u> the aforementioned July 24, 2006 assessment form. (Tr. 201). The only functional restriction identified on this document was a need to wear a knee brace. (Id.). While the physician did indicate that this opinion was valid only until a follow-up examination (Id.), she did not provide any reasons for the drastic change in her opinion in such a short amount of time on the later assessment form. The discrepancies between the two forms, contemporaneous in time, provided the ALJ with another reason to reject the disabling restrictions of the slightly later assessment form. (Tr. 18). The Court notes that the less severe restrictions reported on the earlier assessment form were actually closer in time to the date last insured. Finally, the ALJ rejected the doctor's July 24, 2006 assessment because it was not well-supported by objective medical data, making only vague references to "office notes" as supporting it. (Id.). The ALJ had noted that an MRI Scan of the lumbar spine revealed no significant nerve root impingement or stenosis and an EMG/NCV study did not reveal complaints of back pain. (Tr. 17-18). While a ruptured disc noted on the May, 2006 MRI Scan might provide support for some of the severe physical restrictions, this objective finding was made in May, 2006, well after the Date Last Insured and would not necessarily "relate back" to the pertinent time period. (Tr. 189). Treatment records from Dr. Vasicek, dated prior to January, 2006, do not reveal complaints of back pain. (Tr. 155-163). Back pain complaints

were denied by the claimant at the time of the January, 2006 EMG/NCV study. (Tr. 197). Therefore, under these circumstances, the undersigned concludes that the ALJ had good reasons to reject Dr. Vasicek's opinion.

Arvin notes that the May, 2006 MRI Scan of his lumbar spine revealed a ruptured disc at L4-L5 (Tr. 189) and complains that the ALJ did not make reference to this result. However, as previously noted, this test result was obtained well after the expiration of his DIB-insured status on December 31, 2005. Thus, it does not prove he was disabled prior to this date.

Arvin also complains that the ALJ indicated that a January, 2006 EMG/NCV study had been normal when in fact, it was reported as abnormal. (Tr. 197). However, the ALJ did not state that it was normal, he merely indicated that there were no complaints of back pain and that the plaintiff had a full range of lumbar spine motion. (Tr. 17). Both of these findings were indicated on the report. (Tr. 197).

Finally, Arvin complains that the ALJ misrepresented his use of the knee brace, stating that he only needed it on uneven terrain (Tr. 17) when, in fact, the claimant testified to wearing it constantly (Tr. 253). However, while the ALJ stated that the plaintiff used the knee brace on uneven terrain, he <u>did not</u> state that this was the only time the knee brace was used. Therefore, the Court finds no error.

07-115 Arvin

The Court notes that Arvin submitted several additional medical records directly to the Appeals Council which were never seen by the ALJ. (Tr. 206-246). This action raises an issue concerning a remand for the taking of new evidence before the Commissioner. <u>Cotton v. Sullivan</u>, 2 F.3d 692 (6th Cir. 1993). A court may order additional evidence be taken before the Commissioner, " . . . but only upon a showing that there is new evidence to be taken which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ." 42 U.S.C. Section 405(g). The plaintiff has failed to meet his burden of proof by adducing arguments as to why such a remand is required.

After a review of the evidence presented, the undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 8th day of February, 2008.



Signed By:
<u>G. Wix Unthank</u>
**United States Senior Judge**